IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**JERRY SMITH**                                                                                    **PETITIONER**
Reg # 29176-001

V.                              NO. 2:19-CV-00051-DPM-JTK

**DEWAYNE HENDRIX, Warden**                                               **RESPONDENT**
FCI-Forrest City

### RESPONSE TO 28 U.S.C. §2241 HABEAS CORPUS PETITION

Now comes the Respondent, and for his response to the *habeas corpus* petition of Petitioner Jerry Smith brought under 28 U.S.C. §2241, states:

In the U.S. District Court for the Northern District of Alabama, petitioner Jerry Smith entered into a plea agreement whereby he agreed to plead guilty to three counts of transporting a minor in interstate commerce for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. §2423(a). Exhibit 1. On April 6, 2012, he was sentenced to a term of imprisonment of 120 months on each count, to run concurrently. Exhibit 2, Judgment In A Criminal Case. He did not appeal his conviction or sentence.

On February 7, 2013, Smith filed a 28 U.S.C. §2255 motion in the sentencing court, *Smith v. United States*, Northern District of Alabama, case # 3:13cv8002. His motion asserted ineffective assistance of counsel in several respects and recantation of the victim's testimony based on a September 27, 2013 affidavit in which the victim stated that she never had sexual contact with Smith. The district court rejected all claims, finding, *inter alia*, that the victim's recantation was not credible. Exhibit 3, December 23, 2014 Memorandum Opinion at pg. 14-16. The court entered an Order

dismissing Smith's §2255 motion with prejudice and denying a certificate of appealability. Exhibit 4. Smith did not appeal to the Eleventh Circuit Court of Appeals.

In February 2019, Smith filed in the sentencing court an application for a 28 U.S.C. § 2241 writ of *habeas corpus*, case # 3:19cv8010, arguing he is "actually innocent" based on four November 2018 letters and a October 30, 2018 affidavit from persons who stated that the victim told them she had lied and Smith is not guilty. Exhibit 5. The district court found that it lacked jurisdiction, whether Smith's application for writ of *habeas corpus* was considered a §2241 motion or a §2255 motion. March 15, 2019 Memorandum Opinion, Exhibit 6. The court entered an Order dismissing Smith's application with prejudice and denying a certificate of appealability, Exhibit 7. Smith did not seek authorization to file a second §2255 motion from the Eleventh Circuit.

On May 6, 2019, Smith filed his §2241 petition in this Court. Doc. # 1. In the instant petition, Smith challenges his conviction on the same grounds asserted in his §2241 petition in the Northern District of Alabama, and he attaches the same letters and affidavit. Doc. 2. Petitioner has the burden of demonstrating that his §2255 remedy in the sentencing court is "inadequate or ineffective to test the legality of his detention". 28 U.S.C. §2255(e); *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003). Petitioner has not satisfied his burden. He has a §2255 remedy. He can file with the Eleventh Circuit an application for permission to file a second §2255 motion based on grounds of newly discovered evidence. 28 U.S.C. §2255(h)(1). See, Exhibit 6, fn4 at pg. 4.

In addition, Smith's §2241 petition is barred by his plea agreement in which he waived his right to challenge his conviction and/or sentence in any post-conviction proceeding. Exhibit 1 at pg. 6.  Waivers of post-conviction *habeas corpus* rights are enforceable.  *United States v. Andis*, 333 F.3d 886, 887n.3  (8th Cir. 2003); *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000); *Cardenas-Celestino v. United States*, 552 F. Supp.2d 962, 965 (W.D. Mo. 2008);  *Johnson v. United States*, 2011 WL 1559764, *6 (E.D. Mo. 2011).

For the reasons stated herein, this Court lacks jurisdiction over petitioner's §2241 petition, and the petition should be dismissed.

                              Respectfully Submitted,
                              CODY HILAND
                              United States Attorney

                By:    Richard M. Pence, Jr., AR 69059
                       Assistant U. S. Attorney
                       P. O. Box 1229
                       Little Rock, AR 72203
                       501-340-2600
                       richard.pence@usdoj.gov

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing was filed with the Court via ECF and a copy sent on this 19th day of June 2019, to the following by U.S. Mail:

Jerry Smith
Reg. No. 29176-001
Forrest City Correctional Institution
Inmate Mail / Parcels
P.O. Box 9000
Forrest City, AR  72336-9000

              By:  Richard Pence, Jr.