IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JERRY SMITH
Reg. #29176-001                                                                                      PETITIONER

V.                            CASE NO. 2:19-CV-00051-DPM-JTK

DEWAYNE HENDRIX, *Warden*
FCI – Forrest City Low                                                                        RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended Petitioner's Petition for Writ of Habeas Corpus (DE # 1) be DISMISSED without prejudice.

### Procedural History

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Jerry Smith for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (DE # 1) Petitioner's prison sentence derives from a plea agreement in the United States District Court for the Northern District of Alabama where he pleaded guilty to three counts of transporting a minor in interstate commerce for the purpose of engaging in illicit sexual conduct. Petitioner was sentenced to a term of imprisonment of 120 months on each count, to run concurrently. (DE # 5-2) He did not appeal his conviction or sentence.

On February 7, 2013, petitioner sought relief under 28 U.S.C. § 2255, in the Northern District of Alabama; however, the motion to vacate, set aside, or correct sentence was denied. *See Smith v. United States*, Case # 3:13-cv-08002 (N.D. Ala. 2014). The Petitioner did not appeal to

the United States Court of Appeals for the Eleventh Circuit. On February 27, 2019, Petitioner filed an Application for Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing actual innocence. *See* Case # 3:19-cv-8010-SLB (N.D. Ala. 2019) Petitioner's application was denied and dismissed with prejudice for lack of jurisdiction because he had not obtained authorization from the United States Court of Appeals for the Eleventh Circuit to file a successive habeas petition. *Id.*

On May 6, 2019, Petitioner filed his Petition for Writ of Habeas Corpus in this Court, pursuant to 28 U.S.C. § 2241, challenging the validity of his conviction and sentence. (DE # 1) Specifically, Petitioner states that he is challenging his conviction and sentence "because he is actually innocent." *Id.* at 6. For the reasons that follow, the Court finds that the petition should be denied and dismissed without prejudice.

## Discussion

Petitioner is not entitled to use this § 2241 proceeding to challenge the validity of his current federal sentence. Petitioner is incarcerated in this judicial district, but this is not the district where his federal conviction and sentence arose. Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a § 2255 motion to vacate, set aside or correct. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* § 2255 ¶ 1 (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court that convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated.

*Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323. It is not disputed that the claims within Petitioner's current petition in this Court are challenging the validity of his conviction or sentence as imposed. Therefore, his claims must be directed to the Alabama district court that sentenced him or to the appropriate Court of Appeals (in this case, the Eleventh Circuit).

No court has jurisdiction to hear such a challenge under § 2241 unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of . . . [his] detention." *DeSimone*, 805 F.2d at 323 (quoting § 2255). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *Abdullah*, 392 F.3d at 959, because when it applies, it can save a § 2241 habeas from being dismissed under the § 2255 exclusive remedy rule. Here, Petitioner is clearly challenging his conviction and validity of the sentence that was imposed by the Alabama federal court. Such challenge is appropriate under § 2255, and as previously discussed, Petitioner has sought such review numerous times in the Alabama district courts. The Eighth Circuit has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed[.]" *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (internal citations omitted); *see also Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (concluding that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"). Petitioner has not shown that his prior attempts at relief pursuant to § 2255 were inadequate or ineffective to test the legality of his detention, and he is not entitled to proceed under § 2241 simply because he did not obtain relief from the Alabama district court.

For the foregoing reasons, the Court concludes that habeas corpus relief pursuant to section 2241 is not available to Petitioner. Accordingly, it is recommended that his 28 U.S.C. § 2241 petition for writ of habeas corpus (DE # 1) be denied, and dismissed without prejudice.

SO ORDERED this 3rd day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE